# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUDGE COOLEY,

    Plaintiff,

v.

BANK OF AMERICA, N.A., et al,

    Defendants.

2:12-CV-1628 JCM (CWH)

## ORDER

Presently before the court is plaintiff Judge Cooley's request for a preliminary injunction. (Doc. # 1-1, ¶ 17).[1] Defendants Bank of America *et al.* have filed an opposition. (Doc. # 7). Also before the court is defendants' motion to dismiss and expunge lis pendens. (Doc. # 6). Plaintiff failed to file an opposition.

**I.**     **Preliminary Injunction**

Federal Rule of Civil Procedure 65 allows a court to issue a preliminary injunction. "An injunction is a matter of equitable discretion" and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22, 32 (2008). To prevail on a motion for a preliminary injunction plaintiff must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable injury if the preliminary injunction is not granted; (3) that the balance of hardships tips in plaintiff's favor; and (4) that an injunction is in the public interest. *Id.* at 20.

---

[1] This case was properly removed from state court on September 17, 2012.

**James C. Mahan**
**U.S. District Judge**

1  This court has previously dismissed a prior action by plaintiff against Countrywide Home
2  Loans and Recontrust Company, *et al.* for failure to state a claim upon which relief can be granted.
3  (*See* doc. # 16, 2:09-cv-01554-JCM-RJJ). In that case, plaintiff's alleged causes of action for (1)
4  unfair lending practices in violation of NRS § 598D, (2) breach of covenant of good faith and fair
5  dealing, (3) misrepresentation, (4) negligence/negligence per se, (5) breach of fiduciary relationship,
6  (6) wrongful foreclosure, (7) injunctive relief, and (8) deceptive trade practices. (*See* doc. # 1 in
7  2:09-cv-01554-JCM-RJJ). In this case, plaintiff brings a complaint alleging (1) quiet title, (2)
8  aiding/abetting wrongful foreclosure, (3) wrongful foreclosure, (4) unlawful (statutorily defective)
9  foreclosure in violation of NRS § 107.080, (5) unlawful reliance on falsified documents against
10 property rights in violation of NRS § 205.372-95, (6) false recordation concerning title to real
11 property, (7) broken chain of custody (promissory note and assignment rights), (8) cancellation of
12 instruments, (9) wrongful and parallel foreclosure, (10) injunctive relief, (11) declaratory relief, and
13 (12) violation of the Fair Housing Act in violation of 42 U.S.C. § 3601 *et. seq*. (Doc. # 1-1).
14  In the previous case, the court ruled that loan securitization does not invalidate a secured loan
15 and that the presence of Mortgage Electronic Registration System (MERS), as the lender's nominee,
16 also does not invalidate a lawful foreclosure process after plaintiff's default in 2009. Although the
17 causes of action here differ from those brought in plaintiff's previous case, plaintiff makes no new
18 allegations challenging the re-started foreclosure process that evidence a likelihood of success on
19 the merits. Thus, the court denies plaintiff's request for a preliminary injunction on the basis that
20 plaintiff is unlikely to succeed on the merits.

21 **II.     Motion to Dismiss**

22  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted
23 as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,
24 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a
25 complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the
26 line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic*, 550 U.S.
27 at 557). However, where there are well pled factual allegations, the court should assume their
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

veracity and determine if they give rise to relief. *Id.* at 1950.

Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any motion constitutes the party's consent to the granting of the motion and is proper grounds for dismissal. *U.S. v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979). However, prior to dismissal, the district court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (citing *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In light of the plaintiff's failure to respond and weighing the factors identified in *Ghazali*, the court finds dismissal appropriate.

### III. Expunge Lis Pendens

Plaintiff filed a recorded a lis pendens against the real property on August 22, 2012. (Doc. # 6, Ex. S). The causes of action against defendants being dismissed, the lis pendens is no longer necessary. In light of these facts and the plaintiff's failure to respond, the court finds it is appropriate to expunge the lis pendens.

### IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED plaintiff Judge Cooley's request for a preliminary injunction (doc. # 1-1, ¶ 17) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants Bank of America *et al.*'s motion to dismiss and expunge lis pendens (doc. # 6) be, and the same hereby is, GRANTED. The case is hereby dismissed without prejudice.

IT IS FURTHER ORDERED that the lis pendens is canceled, released, and expunged.

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1     IT IS FURTHER ORDERED that defendants record a properly certified copy of this order
2 in the real property records of Clark County, Nevada within a reasonable amount of time from the
3 date of this order.

4     DATED October 26, 2012.

                                          **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -